[Doc. No. 12]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| REBECCA GUTWIRTH, | |
| Plaintiff, | Civil No. 14-012 (RBK/AMD) |
| v. | |
| WOODFORD CEDAR RUN WILDLIFE REFUGE, et al., | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

      Presently before the Court is Plaintiff Rebecca Gutwirth's motion for leave to file an amended complaint in order to assert claims for unjust enrichment and breach of contract. Defendant Woodford Cedar Run Wildlife Refuge and Jeanne M. Gural (hereinafter, "Defendants") oppose Plaintiff's motion on the basis that federal law preempts the proposed amendments.[1] The Court conducted oral argument on the pending motion on July 10, 2014. For the reasons set forth herein, the Court grants in part and denies in part Plaintiff's motion.

---

[1] Plaintiff also seeks to amend the complaint in order to correct the spelling of the Plaintiff's first name and to revise certain allegations set forth in Count One of Plaintiff's initial complaint. (See, e.g., Plaintiff's Brief in Support of Motion for Leave to File Amended Complaint (hereinafter, "Pl.'s Br.") [Doc. No. 12-1], 3 ("Plaintiff also seeks to amend the caption[] to reflect the Plaintiff's legal name Becca Gutwirth.").) Defendants do not oppose this request. Consequently, the Court grants Plaintiff's motion to the extent it seeks to correct Plaintiff's first name and to amend Count One of Plaintiff's initial complaint.

Plaintiff filed the initial complaint in this action on January 2, 2014. (See COMPLAINT [Doc. No. 1].) Plaintiff generally alleges in her complaint that Defendants' payroll policy fails to appropriately compensate employees for otherwise compensable overtime. (See generally id. at ¶¶ 11-15.) Plaintiff further asserts that Defendants purportedly require employees to accept "'comp time'" in lieu of overtime compensation. (Id.) Plaintiff also asserts that Defendants subjected her to retaliation and ultimately terminated her employment after Plaintiff made "verbal and written complaints" concerning Defendants' payroll policies. (Id. at ¶¶ 14-15.) Plaintiff therefore alleges that Defendants' conduct violates the Fair Labor Standards Act, 29 U.S.C. § 207 (hereinafter, the "FLSA"); the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a4 (hereinafter, the "NJWHL"); and the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1, et seq. (hereinafter, "CEPA"). (See generally COMPLAINT [Doc. No. 1].)

In the pending motion, Plaintiff moves to amend her complaint in order to assert two (2) additional claims arising out of Defendants' overtime policy. With respect to the Plaintiff's proposed unjust enrichment claim, Plaintiff's proposed pleading alleges that:

> 35. The above allegations are incorporated by reference as if fully set forth.
> 36. Defendants have been unjustly enriched by requiring Plaintiff to work and not pay her wages for that time worked.

2

> WHEREFORE, Becca Gutwirth requests judgment as follows:
> (A) Awarding all sums by which Defendant has been unjustly enriched;
> (B) Awarding actual and consequential damages;
> (C) Awarding counsel fees and costs of suit;
> (D) Awarding such other relief as may be fair and equitable[.]

(See Exhibit A [Doc. No. 12-2], ¶¶ 35-36.) Plaintiff's proposed breach of contract claim similarly alleges that:

> 37. The above allegations are incorporated by reference as if fully set forth.
> 38. Plaintiff Becca Gutwirth and Defendants entered into an agreement to work for Defendants at a specific hourly rate. Defendant required Plaintiff to work and failed to pay Plaintiff for time worked.
> WHEREFORE, Becca Gutwirth requests judgment as follows:
> (A) Awarding all sums due;
> (B) Awarding counsel fees;
> (C) Awarding costs;
> (D) Awarding other such relief as the Court deems fair and equitable.

(Id.; see also Plaintiff's Reply to Opposition to Motion for Leave to File Amended Complaint [Doc. No. 18].)

Plaintiff asserts that the motion should be granted because the amendments "are pled in the alternative to other statutory claims and stand on their own." (See Plaintiff's Reply to Opposition to Motion for Leave to File Amended Complaint [Doc. No. 18], 2.) Defendants, however, generally assert that the FLSA subsumes Plaintiff's state common law claims. (See Brief in Opposition to Plaintiff's Motion to Amend [Doc. No. 14], 3-9.) Defendants also assert that Plaintiff fails to state a breach of contract claim. (See id. at 8.)

3

"Under Federal Rule of Civil Procedure 15(a), leave to amend pleadings shall be 'freely give[n]' when 'justice so requires.'" Custom Pak Brokerage, LLC v. Dandrea Produce, Inc., No. 13-5592, 2014 WL 988829, at *1 (D.N.J. Feb. 27, 2014) (quoting FED. R. CIV. P. 15(a)(2)). A court may, however, deny a motion to amend on the "'grounds that amendment would cause undue delay or prejudice, or that amendment would be futile.'" Winer Family Trust v. Queen, 503 F.3d 319, 330-31 (3d Cir. 2007) (citation omitted). An amendment would be futile if the complaint, as amended, advances a claim or defense that "would fail to state a claim upon which relief could be granted." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). In evaluating futility, courts employ the "'same standard of legal sufficiency as applies under [Federal] Rule [of Civil Procedure] 12(b)(6).'" Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175 (3d Cir. 2010) (citing Shane, 213 F.3d at 115); see also Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) ("An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted."). In accordance with this standard, the Court must generally accept as true the factual allegations in the complaint, and construe all "reasonable inferences" in the light most favorable to the plaintiff. Gould v. Wetzel, 547 F. App'x 129, 131 (3d Cir. 2013). However, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements

4

of a cause of action" fails to suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Moreover, the Court need not accept sweeping "'legal conclusions'" cast in the form of "'bald assertions[,]'" unwarranted inferences, or unsupported conclusions. Stone v. N.J. Admin. Office of the Courts, 557 F. App'x 151, 154 (3d Cir. 2014) (citing Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005)). Rather, for a complaint to survive dismissal pursuant to this standard, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (hereinafter, the "Twombly/Ashcroft plausibility standard").

Though the Third Circuit has not yet addressed the precise preemption issue presented by the pending motion, certain courts in this District have concluded that the FLSA preempts a plaintiff's common law claims where the common law claims "duplicat[e]" or rely upon "the same facts" as the plaintiff's FLSA claim. Adami v. Cardo Windows, Inc., No. 12-2804, 2014 WL 2586933, at *8 (D.N.J. June 10, 2014)(noting the Third Circuit has not addressed whether the FLSA preempts a state law claim for unjust enrichment); Shakib v. Back Bay Rest. Grp., Inc., No. 10-4564, 2011 WL 4594654, at *5 (D.N.J. Sept. 30, 2011) (noting that "'field' preemption" applies to state law claims arising out of the same facts asserted in support of the

5

FLSA claims); Kelly v. Borough of Union Beach, No. 10-4124, 2011 WL 551170, at *2 (D.N.J. Feb. 8, 2011) (citing a litany of cases finding that the FLSA preempts state common law claims). In evaluating whether the FLSA preempts the state law claim, however, courts generally examine whether the state law claim rests upon the "same facts and circumstances" as the FLSA claim. See Kronick v. bebe Stores, Inc., No. 07-4514, 2008 WL 4509610, at *4 (D.N.J. Sept. 29, 2008) (citing Johnston v. Davis Sec., Inc., 217 F. Supp. 2d 1224, 1227 (D. Utah 2002)). Consequently, where the FLSA "directly cover[s]" the proposed state common law claims or where the state law claims rest "exclusively on [a party's] alleged failure" to pay overtime, several courts have concluded that such claims are preempted by the FLSA. Kronick, 2008 WL 4509610, at *4; Ramirez v. Gromitsaris, No. 13-2371, 2013 WL 2455966, at *1 (D.N.J. June 3, 2013); see also Moeck v. Gray Supply Corp., No. 03-1950, 2006 WL 42368, at *2 (D.N.J. Jan. 6, 2006) (finding fraud and misrepresentation claims preempted by the FLSA because they were "derived completely from the [p]laintiffs' overtime claims").

In that regard, the Court follows the rationale set forth in Kronick, Moeck, and Ramirez. In Moeck, plaintiffs asserted fraud and negligent misrepresentation claims (in addition to their FLSA claims), arising out of the fact that defendants purportedly "'materially misrepresented'" that employees would be given overtime pay and "'concealed'" that

6

defendant's employees "'would be compelled to work additional time without compensation.'" Moeck, 2006 WL 42368, at *2 (citation omitted). The Moeck court found these claims preempted by the FLSA because they were "merely based on Plaintiffs' [FLSA] overtime claims." Id. Similarly, in Kronick, plaintiff claimed that defendant required employees to work overtime without compensation, thereby violating state common law. See Kronick, 2008 WL 4509610, at *4. The Kronick court found the state common law claims preempted because plaintiff premised the state law claims on the same facts relied upon in support of plaintiff's FLSA claims. Id. In Ramirez, the court likewise dismissed plaintiff's unjust enrichment claim as preempted by the FLSA because plaintiff did "not make any independent factual allegations in support of [the] claim[][.]" Ramirez, 2013 WL 2455966, at *1. Rather, plaintiff based the claim "on the same facts and circumstances of [p]laintiff['s] FLSA claim." Id.; see also Shakib, 2011 WL 4594654, *5 (dismissing unjust enrichment and breach of contract claims as preempted by the FLSA because those claims arose "out of the same facts as [p]laintiff's FLSA claim."); Kelly, 2011 WL 551170, at *2-3; Farmer v. DirectSat USA, LLC, No. 08-3962, 2010 WL 3927640, at *14-16 (N.D. Ill. Oct. 4, 2010) (finding that the FLSA preempted [p]laintiffs' unjust enrichment and contractual breach claims); Choimbol v. Fairfield Resorts, Inc., No. 05-463, 2006 WL 2631791, at *6 (E.D. Va. Sept. 11, 2006) (finding FLSA preemption of state law

7

claims where they arose from minimum wage and overtime claims); Chen v. Street Beat Sportswear, Inc._, 364 F. Supp. 2d 269, 293 (E.D.N.Y. 2005) (dismissing negligence claims as duplicative of FLSA claims); Johnston v. Davis Sec., Inc., 217 F. Supp. 2d 1224, 1228 (D. Utah 2002) (stating the FLSA preempted plaintiff's common law claims because they were based on the same facts and circumstances as her FLSA claims, namely, overtime violations); Alexander v. Vesta Ins. Grp., Inc._, 147 F. Supp. 2d 1223, 1240–41 (N.D. Ala. 2001) (granting partial summary judgment where [p]laintiffs attempted to recast FLSA overtime claims as fraud claims and finding [p]laintiff's claims preempted).[2] The Court therefore considers whether the FLSA "directly covers" or provides the "exclusive []" basis for

---

[2] The Court also notes that certain courts have found state law claims not preempted where plaintiffs argue "a theory of recovery that is separate and independent from the obligations imposed by the FLSA" and that would entitle plaintiffs to relief other than that provided by the FLSA. See, e.g., Teoba v. TruGreen Landcare LLC, No. 10-6132, 2013 WL 1560208, at *3 (W.D.N.Y. Apr. 10, 2013) (noting there would be a higher recovery of wages on a successful common law contractual prevailing wage claim than on an FLSA claim because the common law claim relied upon an express agreement to compensate at a rate higher than the FLSA minimum wage); Carter v. Jackson-Madison Cnty. Hosp. Dist., No. 10-01155, 2011 WL 1256625, at *10 (W.D. Tenn. Mar. 31, 2011)(finding that an unjust enrichment claim was independent from an FLSA claim because it did not rest on finding an FLSA violation). For the reasons set forth infra, the Court concludes that Plaintiff's proposed amendments do not rest upon a theory of recovery separate and distinct from the recovery set forth under the FLSA. Rather, Plaintiff premises the proposed amendments on facts and circumstances which form the predicate of Plaintiff's FLSA claim—namely, that Defendants' payroll policies fail to provide appropriate overtime compensation.

Plaintiff's state law claims. <u>Kronick</u>, 2008 WL 4509610, at *4; <u>Ramirez</u>, 2013 WL 2455966, at *1.

To state a cognizable claim for unjust enrichment in accordance with New Jersey law, "'a plaintiff must allege that (1) at plaintiff[']s expense (2) defendant received a benefit (3) under circumstances that would make it unjust for defendant to retain benefit without paying for it.'" <u>Dzielak v. Whirlpool Corp.</u>, 2014 WL 2758746, at *16 (D.N.J. June 16, 2014) (quoting <u>Snyder v. Farnam Cos., Inc.</u>, 792 F. Supp. 2d 712, 717 (D.N.J. 2011)). Here, as set forth <u>supra</u>, Plaintiff's proposed pleading asserts that Plaintiff worked for Defendants without receiving adequate pay. (<u>See</u> <u>generally</u> Exhibit A [Doc. No. 12-2].) However, as pled, Plaintiff's unjust enrichment claim merely duplicates the FLSA overtime claim because the same underlying facts and circumstances form the basis of both claims. <u>See</u> <u>Kelly</u>, 2011 WL 551170, at *2; <u>Moeck</u>, 2006 WL 42368, at *2. Notably, the proposed unjust enrichment claim expressly relies upon the factual allegations asserted in connection with Plaintiff's FLSA overtime claim. (<u>Compare</u> Exhibit A [Doc. No. 12-2] ¶¶ 10-19 (setting forth Plaintiff's FLSA allegations), <u>with</u> <u>id.</u> at ¶¶ 35-36 (incorporating the factual allegations underpinning Plaintiff's FLSA claim in Plaintiff's proposed unjust enrichment claim).) The proposed unjust enrichment claim rests upon little more than the core assertion underlying Plaintiff's FLSA claim: the allegation that Defendants failed to

9

provide compensation at the appropriate overtime rate. Plaintiff does not allege any facts other than those underpinning Plaintiff's FLSA claim, nor does Plaintiff demonstrate the existence of any benefit different from that conferred by Defendants' alleged failure to provide overtime compensation. In that regard, Plaintiff in essence invokes state law in order to enforce rights conferred under the FLSA. See Knepper, 675 F.3d at 263 (citing approvingly the Fourth Circuit, which "sensibly declined to allow the plaintiffs to use state non-labor laws to enforce the substantive provisions of the FLSA"). In addition, the proposed unjust enrichment claim requests essentially the same relief as would be provided under a violation of the FLSA—namely, compensation for overtime. (See generally Exhibit A [Doc. No. 12-2].) Consequently, the Court concludes that the FLSA preempts Plaintiff's proposed unjust enrichment claim because Plaintiff's FLSA overtime claim and proposed unjust enrichment claim rest upon the identical predicate: specifically, Defendants' alleged failure to provide appropriate overtime compensation. See, e.g., Shakib, 2011 WL 4594654, at *5 (finding that the FLSA preempted plaintiff's claims for breach of contract, breach of the implied covenant of good faith and fair dealing, quantum meruit, tortious interference with economic advantage, unjust enrichment, and equitable estoppel/detrimental reliance because plaintiff based the claims upon the same facts as plaintiff's FLSA claims).

The Court next considers the viability of Plaintiff's breach of contract claim. In order to succeed on a breach of contract claim under New Jersey law, a plaintiff must show that (1) a valid contract existed, (2) that the defendant failed to perform under the contract, and (3) that failure to perform caused injury to plaintiff. Red Roof Franchising, LLC v. Patel, 877 F. Supp. 2d 124, 131 (D.N.J. 2012). The elements of a valid contract consist of "mutual assent, consideration, legality of the object of the contract, capacity of the parties, and formulation of memorialization". D'Agostino v. Appliances Buy Phone, Inc., No. 10-05415, 2011 WL 4345674, at *6 (D.N.J. Sept. 15, 2011). Plaintiff's breach of contract claim alleges that Plaintiff and Defendants "entered into an agreement to work...at a specific hourly rate" and Defendants "failed to pay Plaintiff for time worked." (See Exhibit A. [Doc. No. 12-2], 6-7.) Consequently, Plaintiff's proposed breach of contract claim similarly turns on the nature of Defendants' payroll policy and the compensation, if any, that Defendants failed to provide in accordance with that policy. The breach of contract claim therefore stems from the same set of facts and circumstances that give rise to the FLSA overtime claim and indeed, expressly relies upon the facts proffered in connection with Plaintiff's FLSA overtime claim (Compare Exhibit A [Doc. No. 12-2] ¶¶ 10-19 (setting forth Plaintiff's FLSA allegations), with id. at ¶¶ 37-38 (incorporating the factual allegations of Plaintiff's FLSA

11

claim in Plaintiff's proposed breach of contract claim).). Plaintiff, however, fails to proffer any facts to differentiate these claims because non-payment by Defendants of purportedly compensable overtime hours forms the core of both claims. Moreover, the proposed breach of contract claim seeks relief which mirrors the relief sought under the FLSA overtime claim. (See generally Exhibit A [Doc. No. 12-2].) Consequently, the Court concludes that the FLSA preempts Plaintiff's breach of contract claim arising out of Defendants' failure to provide appropriate overtime compensation.[3]

Consequently, for the reasons set forth herein, and for good cause shown:

IT IS on this 12th day of August 2014,

**ORDERED** that Plaintiff's motion for leave to file an amended complaint [Doc. No. 12] shall be, and hereby is, **GRANTED** to the extent Plaintiff seeks to correct her name and to amend Count One of Plaintiff's initial complaint, and **DENIED** to the extent Plaintiff seeks to assert breach of contract and unjust enrichment claims; and it is further

---

[3] Plaintiff contends that denying the amendment would be inappropriate prior to discovery. (See Plaintiff's Reply to Opposition to Motion for Leave to File Amended Complaint [Doc. No. 18].) However, preemption constitutes a question of law and Plaintiff has not articulated specific discovery relevant to the issue of preemption. Elassaad v. Independence Air, Inc., 613 F.3d 119, 124 (3d Cir. 2010) (noting that a preemption determination constitutes a question of law). The Court therefore concludes that the status of discovery in this action does not alter the Court's resolution of the pending motion.

12

**ORDERED** that Plaintiff shall file the amended complaint in the form attached to Plaintiff's motion and to the extent permitted by this Order, **within fourteen (14) days** from the date of entry of this Order, and shall serve the second amended complaint in accordance with the Federal Rules of Civil Procedure.

        s/ Ann Marie Donio
        ANN MARIE DONIO
        UNITED STATES MAGISTRATE JUDGE

cc: Hon. Robert B. Kugler